UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

MICHELLE LINDSTROM,

                              Plaintiff,

v.                                                    Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.

───────────────────────────────────────────

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michelle Lindstrom is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Michelle Johnson incurred a debt.  This debt will be referred to as "the subject debt."

10. That upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Michelle Johnson allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That Plaintiff is not Michelle Johnson, nor has any relationship with anyone by the name of Michelle Johnson.

14. That Plaintiff has no obligation to make payment on the subject debt.

15. That on or about December 27, 2008, Defendant called Plaintiff and asked to speak with Michelle Johnson.  Plaintiff informed Defendant that they had the wrong number.  Defendant then asked Plaintiff for her social security number.  Plaintiff refused to give said information and asked to be taken off Defendant's call list.

16. That on or about January 3, 2009, Defendant called Plaintiff approximately seven times.  Following the sixth call of the day Plaintiff attempted to contact Defendant but received a recording stating the number was no longer in service.  Defendant called for the seventh time that day and spoke to Plaintiff.  Plaintiff again explained she is not Michelle Johnson and requested Defendant cease all future contact with her.  Plaintiff was informed her number would be taken off Defendant's call list.

17. That on or about January 10, 2009, despite Plaintiff's previous requests, Defendant called Plaintiff yet again.  Plaintiff asked to speak with a manager and was thereafter transferred to a supervisor who identified himself as "Irwin."  Plaintiff explained she was not Michelle Johnson and Defendant had been contacting the wrong number.  Irwin stated that Plaintiff's telephone number would no longer be called and was taken of the call list.

18. That on or about January 16, 2009, January 28, 2009,  and January 29, 2009 Defendant called Plaintiff again.  On the first two occasions, when Plaintiff answered the telephone, Defendant hung up.  On January 29, 2009, Plaintiff spoke to Defendant and informed them that she was not Michelle Johnson, that she was tired of getting the calls, and she was contacting a lawyer.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring and/or engaging Plaintiff in telephone conversations with the intent to annoy, abuse and harass.

    B. Defendant violated 15 U.S.C. §1692d by hanging up on Plaintiff and by providing her with a return telephone number that did not work.

    C. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d by calling Plaintiff after she had informed them they were calling the wrong person and requested them not to call again.

    D. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt not expressly authorized by the agreement creating the debt or permitted by law.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 31, 2009

   S/KENNETH R. HILLER_____
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com